**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**UNITED STATES OF AMERICA and PEOPLE OF THE VIRGIN ISLANDS,**

**v.**

**KETISHA ISLES,**

**Defendant.**

**Criminal No. 2014-0051**

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
*For the Government*

**Jomo Meade, Esq.,**
St. Croix, U.S.V.I.
*For Defendant*

**MEMORANDUM OPINION**

**Finch, Senior District Judge**

THIS MATTER comes before the Court on Defendant's "Motion for Judgment of Acquittal or, in the Alternative, Motion for a New Trial" (Dkt. No. 64); the Government's Opposition thereto (Dkt. No. 72); and Defendant's Reply (Dkt No. 74). For the reasons that follow, the Court will deny Defendant's Motion.

## I. BACKGROUND

Defendant Ketisha Isles ("Defendant") was charged in a five-count Indictment with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (Count I); Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (Count II); Conspiracy to Use and Carry a Firearm During and in Relation to a Crime of Violence, in violation of 18

U.S.C. § 924(o) (Count III); Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count IV); and Robbery First Degree, in violation of 14 V.I.C. § 1862(2) (Count V). Following a five-day jury trial, Defendant was convicted of Counts I and II and acquitted of Counts III, IV, and V. Defendant has timely filed a Motion for Judgment of Acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (Dkt. No. 64). In the alternative, Defendant moves for a new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (*Id*.). The Government opposes the Motion. (Dkt. No. 72).

The following evidence, pertinent to Defendant's Motion, was elicited at trial.

Ravish Agarwal, owner of Perfection—a jewelry store located in the Sunny Isle shopping center on St. Croix, Virgin Islands—testified that he has owned Perfection since 1991, and that Perfection sells jewelry, watches, perfume, sunglasses, purses, men's wallets, and general merchandise, "very little" of which is made at the store. (March 3, 2015 Tr. at 26:1-25; 27:1-3, 10-11). Most of the merchandise sold at Perfection comes from different vendors in the continental United States. (*Id*. at 27:12-16). On June 17, 2013, Perfection was open for business when three masked men robbed the store at gunpoint. (*Id*. 27:17-20; 32:19-20; 34:20-24; 35:1-3). Defendant, who was in Perfection at the time of the robbery, held the door open for the three gunmen. (March 4, 2015 Tr. at 112:24-25; 113:1-25; 114:1-4). Immediately following the robbery, Perfection was closed for approximately two hours in order to allow the owners to clean up and speak with the police. (March 3, 2015 Tr. at 49:5-12).

Detective Leon Cruz, who—at the time of trial—had been employed with the Virgin Islands Police Department for twelve years, and had been assigned to the Criminal Investigations Bureau in June 2013, testified that, on June 21, 2013, Defendant agreed to talk to him at the police

station about the robbery at Perfection. (March 3, 2015 Tr. at 148:1-11).[1] That same day, Defendant provided a videotaped statement to the police, in which she admitted that she knew about the plan to rob Perfection two weeks before the robbery occurred, and that her boyfriend—Ajani Plante (also known as "Jahno")—asked her to assist with the robbery. (*Id*. at 150:12-15; March 4, 2015 Tr. at 60:22-25; 61:1-2).[2] Her role was to be the two-minute window—i.e., the lookout—and hold the door open for the three gunmen to enter the store. (March 4, 2015 Tr. at 55:25; 56:1-11, 25; 57:1-16; 163:17-25; 164:1).

Defendant testified that she agreed to assist with the robbery at Perfection only after Jahno threatened to kill her grandmother, mother, and brother. (*Id*. at 105:8-15, 25). Defendant testified further that, at the conclusion of her interrogation at the police station, she received a telephone call on her cell phone from Jahno in the presence of Detective Cruz, Detective Vanessa Richardson, and Detective Kirk Fieulleteau, and that Detective Cruz instructed her to answer the telephone call on speaker. (*Id*. at 123:8-25; 124:1-11; 125:12-21). During the telephone conversation, Jahno threatened to kill her family if she went to the police about the robbery at Perfection. (*Id*. at 125:5-9). The testimony of Defendant was confirmed by Detective Cruz and Detective Richardson, who both testified that Defendant received a call from Jahno; Jahno threatened Defendant; and Defendant was scared and frightened as a result of the threat. (*Id*. at 49:3-19; March 5, 2015 Tr. at 11:3-19).

[1] Detective Vanessa Richardson was present during Detective Cruz's interrogation of Defendant at the police station. (March 5, 2015 Tr. at 6:17-19). The Virgin Islands Police Department has a policy of requiring a female detective to be present when a male detective interviews a female suspect. (*Id*. at 6:20-23).

[2] At trial, Defendant testified that she only knew about the robbery on the day of the robbery. (March 4, 2015 Tr. at 132:14-17). However, her testimony is contradicted by her earlier videotaped statement that she made to police. (*See* March 3, 2015 Tr. at 150:10-15; *see also* Gov't Ex. 30A).

## II. DISCUSSION

### A. Motion for Judgment of Acquittal

#### 1. Legal Principles

Under Rule 29 of the Federal Rules of Criminal Procedure, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). "A Rule 29 motion for judgment of acquittal obliges a district court to review the record in the light more favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Freeman*, 763 F.3d 322, 343 (3d Cir. 2014) (quoting *United States v. Bobb*, 471 F.3d 491, 494 (3d Cir. 2006) (internal quotation marks omitted)). The court will "presume that the jury properly evaluated credibility of the witnesses, found the facts, and drew rational inferences," and will sustain the verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Kelley*, 301 F. App'x 172, 175 (3d Cir. 2008) (quoting *United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992) (internal quotation marks omitted)).

It is well-established that, on a Rule 29 motion, evidence should not be viewed in a vacuum but in relation to the totality of the evidence elicited at trial. *See United States v. Pavulak*, 700 F.3d 651, 668 (3d Cir. 2012) (stating that, in reviewing a sufficiency of evidence claim, courts "examine the totality of the evidence, both direct and circumstantial, and interpret the evidence in the light most favorable to the government as the verdict winner") (citation and internal quotation marks omitted). Thus, "[t]he question is whether all the pieces of evidence against the defendant, taken together, make a strong enough case to let a jury find him [or her] guilty beyond a reasonable

doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 432 (3d Cir. 2013) (en banc) (quoting *United States v. Cooper*, 567 F.2d 252, 254 (3d Cir. 1977) (internal quotation marks omitted)).

An insufficiency finding should be "confined to cases where the prosecution's failure is clear." *United States v. Garcia*, 490 F. App'x 463, 464 (3d Cir. 2012) (quoting *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005) (internal quotation marks omitted)). Thus, a defendant "challenging the sufficiency of the evidence bears a heavy burden." *United States v. Delle Donna*, 366 F. App'x 441, 450 (3d Cir. 2010) (citing *United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992)). In evaluating whether a defendant has met this burden, the court "must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence." *United States v. Mercado*, 610 F.3d 841, 845 (3d Cir. 2010) (citation omitted). A jury's verdict "must be upheld as long as it does not 'fall below the threshold of bare rationality.'" *Caraballo-Rodriguez*, 726 F.3d at 431 (quoting *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012)).

**2. Analysis**

In support of her Motion for Judgment of Acquittal, based on insufficiency of the evidence, Defendant makes the following two arguments: (1) the Government failed to prove beyond a reasonable doubt that she entered a conspiracy to interfere with commerce by robbery; and (2) the Government failed to prove beyond a reasonable doubt that she interfered with commerce by robbery. Defendant makes two additional arguments that: (1) there was a variance between Count II of the Indictment, the evidence adduced at trial, and the jury instructions on Count II; and (2) she should be acquitted of Count II because she was acquitted of Count V, which is the same offense as Count II for purposes of Double Jeopardy. Based on the applicable legal principles and the evidence elicited at trial, the Court will deny Defendant's Motion for Judgment of Acquittal.

**a. Evidence of a Conspiracy**

Defendant argues that there was insufficient evidence presented at trial to support her conviction on Count I of the Indictment, Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951. (Dkt. No. 64-1 at 1-7). Specifically, Defendant contends that the evidence presented by the Government "does not establish an agreement . . . to commit the robbery of Perfection Store." (*Id.* at 4). Defendant asserts that she "had no knowledge of the criminal plan and objective of the alleged conspiracy." (*Id.* at 6). According to Defendant, "[t]he uncontroverted evidence is that [she] was compelled to go to Perfection location and open the door by the threat of harm to the life and limp of herself and her family if she did not comply with the instruction of Jahno and the other alleged co-conspirators." (*Id.*).[3]

To prove that Defendant conspired to interfere with commerce by robbery, the Government was required to present evidence of a conspiracy. "The essential elements of conspiracy are (1) a shared unity of purpose, (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal." *United States v. Pasley*, 629 F. App'x 378, 380 (3d Cir. 2015) (quoting *United States v. Perez*, 280 F.3d 318, 342 (3d Cir. 2002) (internal quotation marks omitted)). The Government need not produce "direct evidence of an agreement." *Id.* (*United States v. McKee*, 506 F.3d 225, 238 (3d Cir. 2007) (internal quotation marks omitted)). Instead, a jury may find a conspiracy based on "reasonable inferences drawn from actions and statements of the conspirators or from the circumstances surrounding the scheme." *Id.*

Viewing the evidence in the light most favorable to the Government, the Court finds that the Government presented sufficient evidence to support the conclusion that Defendant conspired

[3] Defendant also argues that the Government is "required to prove beyond a reasonable doubt an overt act by at least one of the co-conspirators in furtherance of the conspiracy." (Dkt. No. 64-1 at 6). However, the Third Circuit has ruled that "proof of an overt act is not required for conviction of Hobbs Act conspiracy under 18 U.S.C. § 1951(a)." *United States v. Salahuddin*, 765 F.3d 329, 340 (3d Cir. 2014). Accordingly, Defendant's argument fails as a matter of law.

to interfere with commerce by robbery. At trial, the Government introduced the videotaped statement of Defendant, in which Defendant stated that she knew about the plan to rob Perfection two weeks before the robbery occurred. (March 3, 2015 Tr. at 150:12-15). The Government presented additional evidence that Defendant was asked by her boyfriend to assist with the robbery, and that Defendant knew her role was to be the two-minute window—i.e., the lookout—and hold the door open for the three gunmen to enter the store. (March 4, 2015 Tr. at 55:25; 56:1-11, 25; 57:1-16; 60:22-25; 61:1-2; 163:17-25; 164:1).

Although Defendant testified at trial that she did not know about the robbery until the day it occurred, a rational jury could have credited the videotaped statement Defendant made four days after the robbery, rather than her testimony during trial. It is within the province of the jury to determine Defendant's credibility, and to determine how to assess her "inconsistent" statements. *See United States v. Mercado*, 610 F.3d 841, 845 (3d Cir. 2010) (stating that a reviewing court "must be ever vigilant . . . not to usurp the role of the jury by weighing credibility and assigning weight to the evidence"). On a Rule 29 motion, a court may not second-guess that determination. *See United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). Accordingly, the Court concludes that the evidence adduced at trial was sufficient for a rational jury to find beyond a reasonable doubt that Defendant conspired to interfere with commerce by robbery.

**b. Evidence of Interference with Commerce by Robbery**

Defendant next argues that the Government failed to prove beyond a reasonable doubt that she "obstructed, delayed and affected commerce or that she aided and abetted the obstructing, delaying and the affecting of interstate commerce." (Dkt. No. 64-1 at 12). Defendant contends that the testimony of Ravish Agrawal that Perfection "gets some items from '*different vendors in the States*' and [Perfection] was closed for two hours after the robbery is insufficient to show beyond

a reasonable doubt that [Perfection] conducts business in interstate commerce and the robbery obstructed, delayed and affected interstate commerce." (*Id*. (emphasis in original)). According to Defendant, "[t]here was no evidence that [Perfection] was duly licensed to conduct business in the Virgin Islands as a sole proprietorship, corporation or partnership"; no evidence that "the robbery prevented [Perfection] from serving customers . . .[;] no evidence regarding the quantity of items purchased from different vendors in the states, or that the two hours [Perfection] closed prevented it from receiving items from the vendors in the states . . . [; and] no evidence that the robbery prevented [Perfection] or its customers from engaging business transaction[s]." (*Id*. at 12-13).

It is well-established that "[e]vidence that 'the defendants' conduct produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential,' is sufficient to uphold" a conviction under 18 U.S.C. § 1951, the Hobbs Act. *United States v. Otero*, 557 F. App'x 146, 150 (3d Cir. 2014) (quoting *United States v. Haywood*, 363 F.3d 200, 210, 45 V.I. 800 (3d Cir. 2004)). Here, the Government presented evidence from which a rational jury could find beyond a reasonable doubt that the robbery of Perfection had an effect on interstate commerce.

Ravish Agarwal, owner of Perfection, testified that, "very little" of the merchandise sold at Perfection is made at the store. (March 3, 2015 Tr. at 27:2-3). Rather, most of the merchandise comes from different vendors in the continental United States. (*Id*. at 27:12-16). He further testified that he closed the store for two hours to clean up and speak with the police. (March 3, 2015 Tr. at 49:5-12). The Third Circuit has stated that "[c]ausing a business engaged in interstate commerce to close has, or at least potentially has, an effect on interstate commerce." *United States v. Shavers*, 693 F.3d 363, 374 (3d Cir. 2012). Accordingly, the Court concludes that the evidence adduced at

trial was sufficient to allow a rational jury to conclude that the robbery of Perfection had the necessary effect on interstate commerce required under the Hobbs Act.

**c. Variance**

Defendant contends that there was a variance between Count II of the Indictment, the evidence adduced at trial, and the jury instructions on Count II. (Dkt. No. 64-1 at 10). Specifically, Defendant argues that Count II of the Indictment alleges that she unlawfully took and obtained "personal property consisting of jewelry from the presence of Ravish Agarwal, owner of Perfection Gift Shop[,] against his will by means of force and violence to his person and property in his possession." (*Id*. at 9). Defendant argues further that the Government's proof at trial "related to the robbery of the [s]tore" and that the Court's jury instruction on Count II "instructed the jury on elements related to the robbery of [Ravish] Agarwal and that the robbery of Agarwal affected interstate commerce." (*Id*. at 9-10). Defendant asserts that the "inconsistencies in the Indictment, proof at trial and the jury instructions . . . confused the jury to such an extent that it is not reasonable that it could have arrived at a sound verdict." (*Id*. at 10).

"A variance occurs where the charging terms of the indictment are not changed but when the evidence at the trial proves facts materially different from those alleged in the indictment." *United States v. Whoolery*, 579 F. App'x 78, 81 (3d Cir. 2014) (quoting *United States v. Vosburgh*, 602 F.3d 512, 532 (3d Cir. 2010)). If a "variance" exists "between the indictment and the proof at trial, to the prejudice of the defendant's substantial rights," the court must vacate the conviction. *United States v. Reynolds*, 171 F. App'x 961, 964 (3d Cir. 2006) (quoting *United States. Barr*, 963 F.2d 641, 648 (3d Cir. 1992) (internal quotation marks omitted)). To demonstrate prejudice, the defendant must show "that the variance prejudiced some substantial right." *Vosburgh*, 602 F.3d at 532 (citation omitted). "A variance that sufficiently informs the defendant of the charges against

him and allows him to prepare his defense without being misled or surprised at trial does not prejudice the defendant's substantial rights." *Id*.

In the instant matter, the evidence at trial on Count II did not vary from that in the Indictment. Additionally, Defendant was aware that evidence regarding the effect the robbery of Perfection had on interstate commerce would be presented at trial. Therefore, the Court finds that Defendant was not surprised or misled by the testimony of Ravish Agarwal, the owner of Perfection, that "very little" of the merchandise sold at Perfection is made at the store. (March 3, 2015 Tr. at 27:2-3). Rather, most of the merchandise comes from different vendors in the continental United States. (*Id*. at 27:12-16). The Third Circuit has stated that, "[w]hen, as here, the evidence introduced at trial matches that alleged in the indictment, there is no variance." *Whoolery*, 579 F. App'x at 82 (citing *United States v. Daraio*, 445 F.3d 253, 261 (3d Cir. 2006)).

Further, the charge to the jury accurately stated the law and was not inconsistent with the Indictment. Section 1951(a) of Title 18 of the United States Code provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. 1951(a). The Indictment alleged that "[a]t all times material to [the] Indictment, Perfection Gift Shop was engaged in the purchase and sale of jewelry, watches and other items, in interstate and foreign commerce and was an industry which affects interstate and foreign commerce." (Dkt. No. 1 at 1). Count II of the Indictment further alleged:

> On June 17, 2013, on St. Croix, in the District of the Virgin Islands, and elsewhere, defendant
>
> KETISHA ISLES,

> and others known and unknown to the Grand Jury did unlawfully obstruct, delay and affect, and did aid and abet the obstruction, delay and affecting of commerce as that term is defined in Title 18 United States Code, Section 1951, and the movement of articles and commodities in such commerce by robbery as that term is defined in Title 18, United States Code, Section 1951, in that KETISHA ISLES did unlawfully take and obtain, and did aid and abet the taking and obtaining of personal property consisting of jewelry from the presence of Ravish Agarwal, owner of Perfection Gift Shop, against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person and property in his possession, that is, by entering Perfection Gift Shop with guns and forcibly removing jewelry and leaving the scene in a vehicle, in violation of Title 18, United States Code, Sections 1951 and 2.

(*Id*. at 3). The charge to the jury provided, in relevant part:

> The third element that the Government must prove beyond a reasonable doubt is that Ms. Isles' conduct affected or could have affected interstate commerce. Conduct affects interstate commerce if it in any way interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states. The effect can be minimal.
>
> It is not necessary to prove that Ms. Isles intended to obstruct, delay or interfere with interstate commerce or that the purpose of the alleged crime was to affect interstate commerce. Further, you do not have to decide whether the effect on interstate commerce was to be harmful or beneficial to a particular business or to commerce in general. You do not even have to find that there was an actual effect on commerce. All that is necessary to prove this element is that the natural consequences of the offense potentially caused an effect on interstate commerce to any degree, however slight.

(March 5, 2015 Tr. at 119:22-25; 120:1-19). Read together, with the applicable statute, the Court finds that the Indictment and the charge to the jury are both consistent with the law. *See United States v. Reyes*, 363 F. App'x 192, 197 (3d Cir. 2010). Accordingly, the Court finds Defendant's argument that "inconsistencies in the Indictment, proof at trial and the jury instructions . . . confused the jury to such an extent that it is not reasonable that it could have arrived at a sound verdict" without merit.

**d. Double Jeopardy**

Defendant argues that she should be acquitted of Count II (Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951) of the Indictment because she was acquitted of Count V (Robbery First Degree, in violation of 14 V.I.C. § 1862(2)) of the Indictment, which constitutes the same offense as Count II for purposes of Double Jeopardy. (Dkt. No. 64 at 13-14). Defendant contends that her conviction under Count II violates the Double Jeopardy Clause because Counts II and V require proof of the same facts under the *Blockburger* test, and the United States and the Virgin Islands "are one sovereign for [] purposes of criminal prosecutions" in the Virgin Islands. (*Id*. at 14).

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Consistent with the Fifth Amendment, the Third Circuit has held that "[i]f . . . two offenses [for which a defendant is charged] grow out of the same occurrence then multiple punishments are impermissible." *United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000) (citation and internal quotation marks omitted). To determine whether two offenses grow out of the same occurrence, the Third Circuit has instructed courts to apply the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See United States v. Nelson*, 483 F. App'x 677, 680-81 (3d Cir. 2012). Under *Blockburger*, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304.

Defendant is correct that "the Virgin Islands and the federal government are considered one sovereignty for the purposes of determining whether an individual may be punished under

both Virgin Islands and the United States statutes for a similar offense growing out of the same occurrence." *Hodge*, 211 F.3d at 78 (quoting *Gov't of the V.I. v. Brathwaite*, 782 F.2d 399, 406 (3d Cir. 1986) (internal quotation marks omitted)). However, the Third Circuit has considered and rejected the argument that a violation of the federal Hobbs Act, 18 U.S.C. § 1951, (Count II) is the same offense as the Virgin Islands crime of robbery, 14 V.I.C. § 1862, (Count V). In *United States v. Hodge*, the Third Circuit explained that the federal Hobbs Act and the Virgin Islands crime of robbery—the same offenses charged in this case—"do not 'grow out of the same occurrence' as each requires proof of an additional element not required by the other." 211 F.3d at 78. The Court concluded that, under the *Blockburger* test, the defendant could properly be convicted and sentenced under both the United States and Virgin Islands laws without violating the Double Jeopardy Clause. *See id*. Accordingly, the Court finds Defendant's Double Jeopardy argument lacks merit.

**B. Motion for New Trial**

**1. Legal Principles**

Rule 33 of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Under Rule 33, a district court "can order a new trial on the ground that the jury's verdict is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002) (citations and internal quotation marks omitted). Unlike a Rule 29 motion for judgment of acquittal based on the insufficiency of the evidence, "when a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the

Government's case." *Id*. (citations omitted). Motions for a new trial pursuant to Rule 33 "are not favored and should be granted sparingly and only in exceptional cases." *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (citation and internal quotation marks omitted).

**2. Analysis**

Defendant offers no argument that, based on the evidence adduced at trial, a miscarriage of justice has taken place. She simply argues insufficiency of the evidence and seeks the alternative relief of a new trial. She has therefore failed to apprise the Court of the "serious danger that a miscarriage of justice has occurred." *Johnson*, 302 F.3d at 150. For the same reasons discussed above regarding the reasonable and logical inferences that can be drawn from the evidence presented, the Court—based on its independent assessment of the evidence adduced at trial—does not believe that an innocent person has been convicted or that a miscarriage of justice has taken place. Accordingly, the Court will deny Defendant's Motion for a New Trial.

## III. CONCLUSION

For the reasons stated above, the Court will deny Defendant's "Motion for Judgment of Acquittal or, in the Alternative, Motion for a New Trial" (Dkt. No. 64). An appropriate Order accompanies this Memorandum Opinion.

Date: August 19, 2016

________/s/_________
RAYMOND L. FINCH
Senior District Judge