## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and<br>PEOPLE OF THE VIRGIN ISLANDS | ) ) ) ) | |
| v. | ) ) ) | Criminal No. 2014-0051 |
| KETISHA ISLES,<br>Defendant. | ) ) ) ) ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
> *For the Government*

**Anthony R. Kiture, Esq.,**
St. Croix, U.S.V.I.
> *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant's Ketisha Iles' "Motion and Authorities for Release Pending Appeal" (Dkt. No. 123), and the Government's Opposition thereto (Dkt. No. 127). For the reasons that follow, the Court will deny Defendant's Motion.

### I.     BACKGROUND

Defendant Ketisha Isles ("Defendant") was charged in a five-count Indictment with Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (Count I); Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951 (Count II); Conspiracy to Use and Carry a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o) (Count III); Using and Carrying a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count IV); and Robbery First Degree, in violation of

14 V.I.C. § 1862(2) (Count V). Defendant raised an affirmative defense of duress, and the Court instructed the jury on that issue. (Dkt. No. 51 at 25-26). After a five-day jury trial, Defendant was convicted of Counts I and II and acquitted of Counts III, IV, and V.

Following her conviction, Defendant moved for acquittal or a new trial under Rule 29, challenging, *inter alia*, the sufficiency of the evidence produced at trial and an alleged variance between the charging terms of Count II and the jury instructions regarding that Count.[1] (Dkt. No. 64). The Court denied the motion, finding that sufficient evidence was presented at trial to support Defendant's convictions. (Dkt. No. 87 at 5-9). The Court further found that "the charge to the jury [with respect to Count II] accurately stated the law and was not inconsistent with the Indictment." (*Id.* at 10).

A sentencing hearing was held for Defendant on March 14, 2017. The applicable guideline for Defendant's offense of conviction, 18 U.S.C. §1951, is found in USSG §2B3.1, and establishes a base offense level of twenty (20). In its Presentence Report, the United States Probation Office recommended nine points of enhancements, including five (5) points for use of a firearm (§2B3.1(b)(2)(C)); two (2) points for injury sustained by the victim (§2B3.1(b)(3)(A)); and two (2) points for amount of loss (§2B3.1(b)(7)(C)), for a total offense level of twenty-nine (29). Finding that there was insufficient evidence before the Court to support a two level enhancement for amount of loss, the Court sentenced Defendant based on an offense level of twenty-seven (27), rather than twenty-nine (29). (March 14, 2017 Tr. at 22:15-23). Based on an offense level of 27 and a criminal history score of I, Defendant was sentenced to 70 months of incarceration, which

---

[1] Specifically, Defendant argued that the indictment alleged that she unlawfully took "personal property consisting of jewelry from the presence of Ravish Agarwal, owner of Perfection Gift Shop[,] against his will by means of force and violence to his person and property in his possession" whereas "jury instructions relating to Count Two instructed the jury on elements related to the robbery of the [sic] Agarwal and that the robbery of Agarwal affected interstate commerce." (Dkt. No. 64-1 at 9-12).

is at the low end of the guideline range of 70 to 87 months, and three years of supervised release. (*Id.* at 23:5-20; Dkt. No. 126). She was also ordered to pay a mandatory $200 special assessment. (March 14, 2017 Tr. at 23:21-23; Dkt. No. 126).

Defendant has appealed her sentence, challenging the sufficiency of the evidence adduced at trial; arguing that the jury failed to take into consideration the definition of duress in its deliberations; and contending that her sentence was excessive. (Dkt. No. 127 at 4-5). She has filed a motion seeking her release pending the resolution of the appeal. (Dkt. No. 123).

## II.     DISCUSSION

Defendant argues that the Court should order her released pending appeal because she is not likely to flee and does not pose a danger to the community; her appeal is not for the purposes of delay; her appeal raises "substantial questions" of law and fact; and there are exceptional reasons why her detention is not appropriate. (Dkt. No. 123). The Government opposes releasing Defendant, on the grounds that: a sentence of 70 months imprisonment—which was imposed— provides an incentive for Defendant to flee; Defendant's arguments regarding the sufficiency of the evidence, the jury's alleged failure to consider the defense of duress, and the alleged "excessive" nature of her sentence do not present substantial issues for appeal; and Defendant has failed to present exceptional reasons justifying her release. (Dkt. No. 127 at 4-7).

### A. Applicable Legal Standards

The release of a Defendant pending appeal is governed by the 1984 Bail Reform Act, which provides, in relevant part:

> **(b) Release or detention pending appeal by the defendant.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

3

**(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

> **(i)** reversal,
> **(ii)** an order for a new trial,
> **(iii)** a sentence that does not include a term of imprisonment, or
> **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). The 1984 Act was enacted to reverse the 1966 Act's presumption in favor of release. *United States v. Miller,* 753 F.2d 19, 22 (3d Cir. 1985). Defendant bears the burden to rebut the presumption against release by demonstrating each element of the statute. *United States v. Smith*, 793 F.2d 85, 87 (3d Cir. 1986).

In the Third Circuit, a four-part test determines the propriety of staying a sentence pending appeal pursuant to § 3143. In order to release a defendant pending appeal, the defendant must establish:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purposes of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal

*Miller,* 753 F.2d at 24. "Under the [1984] act, after first making the findings as to flight, danger, and delay, a court must determine that the question raised on appeal is a 'substantial' one." *Id.* at 23. A substantial question is defined as "*significant* in addition to being novel, not governed by controlling precedent or fairly doubtful." *Smith*, 793 F.2d at 88. The issue must be "debatable among jurists," or "adequate to deserve encouragement to proceed further." *Id.* at 90 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983) (citations omitted)).

As Defendant has not carried her burden of establishing each of the required elements, her motion will be denied.

**B. Analysis**

First, the Court will address the argument that Defendant's appeal presents a "substantial question of law or fact." *Miller*, 753 F.2d at 24. In this regard, Defendant represents that her appeal focuses on the following four issues: (1) the Government's alleged failure to establish that Defendant knowingly, intentionally, and willingly participated in a conspiracy to commit robbery; (2) that the jury failed to take into consideration the definition of duress during deliberations; (3) that the sentence imposed was excessive; and, (4) that the Government failed to prove Defendant guilty of Counts I and II beyond a reasonable doubt. (Dkt. No. 123 at 9). None of these issues presents a "substantial question" for appeal.

It is worthy of note at the outset that, while Defendant sets forth the legal principles she argues should govern the Court's analysis of this issue as well as the four issues on which she represents her appeal will be focused, her Motion is totally devoid of any analysis as to why the issues that will be presented on appeal are substantial ones. The simple fact is that they are not.

The first and fourth grounds for appeal raised by Defendant are challenges to the sufficiency of the evidence. "A defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Casper,* 956 F.2d 416, 421 (3d Cir. 1992). Specifically, Defendant must establish that, when viewing the evidence in the light most favorable to the Government, there was not sufficient evidence from which any rational trier of fact could find guilt beyond a reasonable doubt. *United States v. Iglesias*, 535 F.3d 150, 155 (3d Cir. 2008); *United States v. Lopez,* 271 F.3d 472, 486 (3d Cir. 2001).

Of particular note here, the Court has previously denied Defendant's challenges to the sufficiency of the evidence in response to her post-trial Rule 29 motion. (Dkt. No. 87). The Court found that the Government had presented sufficient evidence to establish that: (1) Defendant

entered into a conspiracy to interfere with commerce by robbery; and (2) Defendant had interfered with commerce by robbery. (*Id.*).

With regard to the conspiracy count, the Court noted that "[a]t trial, the Government introduced the videotaped statement of Defendant, in which Defendant stated that she knew about the plan to rob Perfection two weeks before the robbery occurred." (Dkt. No. 87 at 7). Further, the Government "presented additional evidence that Defendant was asked by her boyfriend to assist with the robbery, and the Defendant knew her role was to be the two-minute window—i.e., the lookout—and hold the door open for the three gunmen to enter the store." (*Id.*). The Court concluded that although Defendant had testified that she did not know about the robbery until the day it occurred, "a rational jury could have credited the videotaped statement Defendant made four days after the robbery, rather than her testimony during trial." (*Id.*). Accordingly, the Court concluded that the Government had provided sufficient evidence for a jury to find beyond a reasonable doubt that Defendant had conspired to interfere with commerce by robbery. (*Id.*).

Addressing Defendant's arguments that there was insufficient evidence to support her conviction of interference with commerce by robbery, the Court noted that the owner of the jewelry store testified that "very little" of the merchandise sold in store was made there, and most of his "merchandise comes from different vendors in the continental United States." (*Id.* at 8). Further, the shop owner testified that he closed the store for two hours to clean up and speak to the police following the robbery. (*Id.*). Based on the applicable law, the Court concluded that this testimony constituted sufficient evidence to allow a rational jury to find that the robbery "had the necessary effect on interstate commerce required under the Hobbs Act." (*Id.* at 8-9).

Notwithstanding the Court's earlier rejection of Defendant's sufficiency of the evidence challenge, Defendant has not pointed this Court to any basis upon which to support a contrary

conclusion. (*See* Dkt. No. 123). As the Court's earlier ruling demonstrates, Defendant's sufficiency

of the evidence arguments do not present a question that is "debatable among jurists of reason,"

and do not support the proposition that her appeal presents a substantial question justifying her

release pending appeal. *Smith*, 793 F.2d at 89; *United States v. Roudakov*, 2005 WL 3263048, at

*4 (E.D. Pa. Dec. 1, 2005) (collecting cases); *see also United States v. Quiles*, 2009 WL 764306,

at *4 (E.D. Pa. Mar. 23, 2009) (concluding that defendant's non-specific challenges to the

sufficiency of the evidence, appealed from the Court's denial of his Rule 29 motion, did not present

a substantial question justifying release).

Defendant further argues that the jury failed to take into consideration the definition of

duress when deliberating on Counts I and II. (Dkt. No. 123 at 9). The Court properly instructed

the jury on duress and indicated that such an affirmative defense was relevant to all counts of the

indictment. (Dkt. No. 51 at 25-26).[2] Defendant did not object to the Court's instruction at trial, and

---

[2] The Court's instruction on duress, identical in all meaningful respects to Third Circuit Model Criminal Jury Instruction 8.03, reads as follows:

> Ms. Isles has raised a defense that she committed the offenses charged in Counts One, Two, Three, Four, and Five of the Indictment because she was acting under duress and was coerced into committing the offenses charged in the Indictment. If you find that the Government proved beyond a reasonable doubt that Ms. Isles committed the offenses charged, then you must consider whether Ms. Isles committed the offenses under duress or was coerced into committing the offenses. If you find that the Government proved Ms. Isles committed the offenses charged and you also find that Ms. Isles proved that she was acting under duress or was coerced, then you must find Ms. Isles not guilty of the charges.
>
> To find that Ms. Isles is not guilty of the offenses charged in Counts One, Two, Three, Four and Five of the Indictment because of duress or coercion, you must find that Ms. Isles proved by a preponderance of the evidence each of the following four (4) elements:
>
> **First,** that Ms. Isles was under an immediate, unlawful threat of death or serious bodily injury to herself or to others;
>
> **Second,** that Ms. Isles had a well-grounded reasonable fear that the threat would be carried out if she did not commit the offenses;
>
> **Third,** that Ms. Isles' criminal action was directly caused by the need to avoid the threatened harm and that Ms. Isles had no reasonable, lawful opportunity to avoid the threatened harm without committing the offenses; that is, that Ms. Isles had no reasonable lawful opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and
>
> **Fourth,** that Ms. Isles had not recklessly placed herself in a situation in which she would be forced to engage in criminal conduct.
>
> Ms. Isles has the burden of proving the defense of duress (coercion) by a preponderance of the evidence. Preponderance of the evidence is a lower standard than proof beyond a reasonable

does not appear to—and, could not, in any event—mount a credible challenge that would be considered a substantial question on appeal. *See O'Grady v. British Airways,* 134 F. Supp. 2d 407, 411 (E.D. Pa. 2001) ("where a party fails to preserve an assigned error for review, the standard for reversal is plain error—the Court will only notice the error where it is fundamental and highly prejudicial or if the instructions are such that the jury is without adequate guidance on a fundamental question and ... failure to consider the error would result in a miscarriage of justice" (internal citations and quotations omitted)). Moreover, Defendant's equally unavailing challenge to the jury's consideration of the definition of duress ignores the presumption that the jury follows the instructions of the Court, *Blueford v. Arkansas*, 132 S. Ct. 2044, 2051 (2012) (quoting *Weeks v. Angelone,* 528 U.S. 225, 234 (2000)), and the well-established legal principle that "jurors are the sole judges of the evidence and of the credibility of the witnesses." *United States v. Rickey*, 457 F.2d 1027, 1032 (3d Cir. 1972) (internal quotation and quotation marks omitted). In view of the foregoing, the jury's decision not to credit Defendant's duress argument in the face of proper instruction does not present a substantial question of law or fact. Defendant's argument in this regard does not present a question that is debatable or doubtful, and this Court does not find it to be "adequate to deserve encouragement to proceed further." *Smith*, 793 F.2d at 90.

---

doubt. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. If you put the credible evidence that is favorable to Ms. Isles and the credible evidence that is favorable to the Government on opposite sides of a scale, the scale would have to tip somewhat on Ms. Isles' side in order for you to find that Ms. Isles is not guilty because of duress (coercion). However, if the scale tips in favor of the Government, or if the credible evidence appears to be equally balanced, or if you cannot say on which side the credible evidence is heavier, then you must decide that Ms. Isles has not proved the defense of duress (coercion) by a preponderance of the evidence. In making this determination, you should consider all of the evidence presented during the trial, regardless of who offered it. You should evaluate the evidence and its credibility according to the instructions I gave you earlier.

You should also remember that the fact that Ms. Isles raised this defense does not relieve the Government of the burden of proving all the elements of the offenses charged beyond a reasonable doubt.

(Dkt. No. 51 at 25-26).

With regard to Defendant's argument that her sentence is excessive, there are four statutory grounds for reviewing a final sentence. In order for an appeal to have merit, the sentence must have been: (1) imposed in violation of law; (2) imposed as a result of an incorrect application of the sentencing guidelines; (3) greater than the sentence specified in the applicable guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. 18 U.S.C. § 3742(a). As outlined in section I, *supra*, the sentencing guidelines address violations of 18 U.S.C. § 1951, and the Court carefully applied enhancements thereto based on the evidence presented at trial. After consideration of the factors enumerated in 18 U.S.C. § 3553, the Court sentenced Defendant to seventy (70) months, which is at the low end of the guidelines as calculated for her offense. (March 14, 2017 Tr. at 21:17-25, 22:1-25, 23:1-13).

The evidence presented at trial supports the base offense level and enhancements applied by the Court at sentencing. Defendant's sentence is within the guidelines range, and was appropriately calculated by the Court. Therefore arguments on appeal premised on the allegedly excessive sentence do not present a substantial issue justifying Defendant's release under 18 U.S.C. § 3742.

Because Defendant is required to satisfy each element of the four-part test set forth in *Miller*, Defendant's failure to present a substantial question for appeal is sufficient to prevent her from making the necessary showing to justify her release pending appeal. *Smith*, 793 F.2d at 88-89; *Miller*, 753 F.2d at 24. Defendant's failure in this regard is therefore a sufficient basis upon which to deny her Motion. In any event, the remaining factors suffer the same fate.

Defendant summarily asserts that her appeal is not for the purposes of delay, because it allegedly raises "substantial questions" of law and fact. (Dkt. No. 123). In view of the Court's

finding that Defendant's appeal does not raise substantial issues, the Court concludes that Defendant has failed to demonstrate that her appeal is not being pursued for the purposes of delay.

With respect to the requirement that Defendant demonstrate that she is not likely to flee or present a danger, Defendant bears the burden of proof, *Smith*, 793 F.2d at 87, under a clear and convincing evidence standard. 18 U.S.C. § 3143(b)(1). In her motion, Defendant argues that she "has no prior convictions or criminal history other than the instant matter" and has abided by all of the conditions of release pending sentencing. (Dkt. No. 123 at 5). She further notes that she has strong family and community ties, and argues that she has made significant mental health progress in response to the Court's earlier finding that she suffers from suicidal ideation. (*Id.* at 5-7; March 14, 2017 Tr. at 23:9-11, 24:11-14). Finally, she asserts that the Court implicitly found that she was not a threat when she was allowed to remain free prior to trial and pending sentencing. (Dkt. No. 123 at 5).

Contrary to Defendant's argument, "the decision to send a convicted person to jail and thereby reject all other sentencing alternatives, by its very nature includes a determination by the sentencing judge that the defendant is dangerous to the person or property of others, and dangerous when sentenced, not a year later after the appeal is decided." *Miller*, 753 F.2d at 22 (quoting H.Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)). Further, simply pointing to the Court's earlier decisions to allow Defendant to remain free pending trial and sentencing, together with her prior success in abiding by the conditions of her release, does not suffice to carry Defendant's burden to demonstrate by clear and convincing evidence that she is not a flight risk at this time. Indeed, the fact that Defendant is not only a convicted felon, but is also facing a 70-month prison term changes the equation substantially with regard to risk of flight. While Defendant's strong

community ties and lack of prior convictions support her argument, the Court concludes that Defendant has not demonstrated by clear and convincing evidence that she is not a flight risk.

Defendant further argues that "exceptional circumstances" exist that would justify her release. (Dkt. No. 123 at 10-11). The circumstances she enumerates consist primarily of Defendant's personal circumstances, as well as a contention that her "actions on [the date of the offense] were involuntary." (*Id.*). The Court notes that the proffered personal circumstances were all taken into consideration when determining an appropriate sentence, and that "[m]ost courts agree that 'purely personal' circumstances do not typically rise to the level of exceptional." *United States v. Smith*, 34 F. Supp. 3d 541, 554 (W.D. Pa. 2014). Further, Defendant's assertion that her actions were involuntary was considered and rejected by a jury of her peers, leading to a guilty verdict with respect to Counts I and II. With full knowledge of Defendant's circumstances, including those proffered in Defendant's Motion, the Court concluded that a 70-month sentence was appropriate, and that Defendant should be remanded to the custody of the United States Marshals Service. Accordingly, Defendant's appeal to her personal circumstances fares no better than her substantive challenges.

For the foregoing reasons, Defendant's Motion for Release Pending Appeal will be denied.

## III.    CONCLUSION

Applying 18 U.S.C. § 3143, the Court concludes that Defendant has not carried her burden of showing that her appeal raises substantial issues. Nor has she demonstrated that she does not present a flight risk or danger; that her appeal is not for the purposes of delay; or that her situation presents "exceptional" circumstances that would justify her release. Accordingly, Defendant's Motion for Release Pending Appeal will be denied. An appropriate Order accompanies this Memorandum Opinion.


Date:   June 16, 2017                                          _____/s/_____
                                                              WILMA A. LEWIS
                                                              Chief Judge